**Elouise Pepion COBELL, et al., Plaintiffs,**

v.

**Gale A. NORTON, Secretary of the Interior, et al., Defendants.**

**No. CIV.A.96–1285(RCL).**

United States District Court, District of Columbia.

March 15, 2004.

Douglas B. Huron, Heller, Huron, Chertkof, Lerner, Simon & Salman, Washington, DC, for Special Master.

Alan Lee Balaran, Washington, DC, pro se.

Dennis M. Gingold, Elliott H. Levitas, Kilpatrick Stockton, LLP, Keith M. Harper, Richard A. Guest, Native American Rights Fund, Mark Kester Brown, Dennis M. Gingold, Washington, DC, for Plaintiffs.

Earl Old Person, Browning, MT, pro se.

Brian L. Ferrell, Charles Walter Findlay, III, Cynthia L. Alexander, Henry A. Azar, Jr., J. Christopher Kohn, Jennifer R. Rivera, John Thomas Stemplewicz, Jonathan Brian New, Sandra Peavler Spooner, Seth Brandon Shapiro, Dodge Wells, Gino D. Vissicchio, John R. Kresse, John Joseph Siemietkowski, John Warshawsky, Michael John Quinn, Phillip Martin Seligman, Timothy Edward Curley, Tracy Lyle Hilmer, Amalia D. Kessler, U.S. Department of Justice, Mark E. Nagle, Robert Craig Lawrence, U.S. Attorney's Office, Christina M. Carroll, Daniel Gordon Jarcho, Herbert Lawrence Fenster, Michael James Bearman, McKenna Long & Aldridge, LLP, Robert D. Luskin, Patton Boggs, LLP, Elizabeth Wallace Fleming, John T. Richards, Jr., Trout & Richards, P.L.L.C., B. Michael Rauh, Manatt, Phelps & Phillips, L.L.P., Washington, DC, John Charles Cruden, U.S. Department of Justice, Annandale, VA, Terry M. Petrie, U.S. Department of Justice, Denver, CO, for Defendants.

### MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the Court on [2290] Interior Defendants' Motion for a Protective Order Regarding Plaintiffs' Notice of Deposition of Anson Banker and Request for Production of Documents. In response to Defendants' motion, Plaintiffs submitted [2318] Plaintiffs' Motion to Compel Anson Baker's Deposition and the Production of Documents Related Thereto. Upon consideration of the aforementioned briefs of the parties, the parties' respective briefs in opposition thereto, the reply briefs, and the applicable law in this case, the Court finds that Defendants' Motion for a Protective Order should be DENIED in part, and Plaintiffs'

Motion to Compel should be GRANTED in part.

Plaintiffs' authorization to take discovery derives from this Court's September 17, 2002 Opinion, at 226 F.Supp.2d 1 (D.D.C.2002) ("*Cobell VII*") in a section entitled "Further Relief–Discovery" this Court stated as follows:

> The defendants have amply demonstrated during the two and a half years since this Court's Phase I trial ruling that they cannot be trusted to report in a timely manner complete and accurate information regarding the status of trust reform and their efforts to discharge their fiduciary responsibilities properly. At the time the Court issued its Phase I trial decision, the Court found that it was sufficient for the defendants to file quarterly status reports and for plaintiffs to then "petition the court to order defendants to provide further information as needed if such information cannot be obtained through informal requests directly to defendants." ...
> The Court finds that this approach is no longer appropriate in light of the false and misleading quarterly status reports filed by the defendants since March 2000. Accordingly, the Court will permit plaintiffs full discovery on matters that they otherwise would not have been able to explore prior to this decision. While the Court will thus expand the scope of discovery for the plaintiffs, the Special Master–Monitor shall ensure that such discovery does not unreasonably interfere with the defendants' ability to develop their plans for submission to the Court. As noted above, the Court will also continue to require the defendants to file quarterly status reports pursuant to the December 21, 1999 Order.

226 F.Supp.2d 1, 159 (D.D.C.2002) (internal citations omitted).

In the Order accompanying the *Cobell VII* Memorandum Opinion the Court "ORDERED that the plaintiffs shall be able to conduct discovery on matters that they were otherwise not entitled to explore prior to this decision." Order dated September 17, 2002 at III. ¶ 16.

On appeal, the D.C. Circuit, while overturning the *Cobell VII* contempt finding, limited its ruling to vacating the contempt order "insofar as it relates to the appointment and duties of the Special Master–Monitor.... [and] insofar as it sanctions the defendants on specifications one through five and directs the payment of expenses and fees incurred by the plaintiffs." 334 F.3d 1128, 1150 (D.C.Cir.2003).

The D.C. Circuit did not reverse this Court's findings that "information regarding the IIM trust [be] properly secured and maintained," Order dated Sept. 17, 2002 at II. ¶ 1, or suggest that plaintiffs' ability to conduct discovery be curtailed. The D.C. Circuit opinion operated precisely. It vacated the second sentence of paragraph 16, providing that "[t]he Special Master–Monitor shall ensure that such discovery does not unreasonably interfere with the defendants' ability to develop their plans for submission to the Court," but left intact the first sentence of that paragraph, providing that "the plaintiffs shall be able to conduct discovery on matters that they were otherwise not entitled to explore prior to this decision."

■ Here, plaintiffs seek to depose Anson Baker, the former Chief Appraiser in the BIA Navajo Regional Appraisal Office, who, in the presence of representatives of the Department of Justice and the Office of the Solicitor, admitted to the Special Master that he erased all appraisal information related to Navajo rights-of-way from his computer before transferring duty stations.. *See* Site Visit Report of the Special Master to the Office of Appraisal Services in Gallup, New Mexico and the Bureau of Indian Affairs, Navajo Realty Office in Window Rock, Arizona at 2 (Aug. 20, 2003). The Special Master found that "Baker deliberately erased all appraisal information from his computer and inadvertently misplaced at least two appraisal-related documents—all without any awareness that he had violated a Court order or breached any regulations." *Id.* at 10. This finding raises two independent concerns: first, the impact of Baker's actions on the administration of the trust, and second, the professed ignorance of at least one senior Interior official of the Court's long-standing directives to properly retain, safeguard and

protect individual Indian trust information. Plaintiffs are free to explore both areas.

The Court finds that plaintiffs may take the deposition of Anson Baker. The scope of such deposition may include issues related to individual Indian trust record creation, retention, or preservation in addition to those areas noted in the preceding paragraph. Furthermore, as this discovery is pursuant to this Court's September 17, 2002 Order rather than related to some future proceeding, no Rule 26(f) conference is required.

■ Plaintiffs also requested production of documents. But defendants lodge several objections to plaintiffs' requests for production of documents, many of which are well founded. Defendants correctly observe that many of plaintiffs' document requests seek appraisal records for purposes of evaluating management of trust assets—matters that may stray beyond the scope of the underlying litigation. *See Cobell v. Babbitt,* 91 F.Supp.2d 1, 18 (D.D.C.1999). Similarly meritorious are defendants' objections that plaintiffs' requests, in many instances, are overly broad, vague, and impose an undue burden. For example, Plaintiffs' first request is for "[a]ll documents ... which directly or indirectly relate to, refer to, or embody material regarding the appraisal of individual Indian allotted land and tribal land." Notice of Dep. and Req. for Produc. of Docs. at 2 (Aug. 21, 2003). It is the view of this Court that such a request is unreasonable on its face. It is unrelated to Anson Baker's individual Indian trust record creation, retention, and preservation or to the issues surrounding instructions Baker may have received regarding document retention and the agency's policies and practices to ensure that Interior employees are in compliance with Court Orders. Plaintiffs must tailor their document requests in accordance with this opinion.

In consideration of the foregoing, it is hereby

ORDERED that Anson Baker shall at a time and place of Plaintiffs' choosing submit to deposition; it is further

ORDERED that Plaintiffs' motion to compel production of documents is DENIED but Plaintiffs may resubmit document requests to the Defendants in conformity with this opinion; and it is further

ORDERED that Plaintiffs may take depositions and request production of documents in conformity with this Order and subject to Defendants' right to object under the Federal Rules of Civil Procedure.

SO ORDERED. .